UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Jones | Civil Action No. 15-01816 |
| versus | Judge Richard T. Haik, Sr. |
| Louisiana, et al | Magistrate Judge Carol B. Whitehurst |

**REPORT AND RECOMMENDATION**

Before the Court is Motion To Strike Amended Complaint filed by Phyllis Estillete ("Estillete"). [Rec. Doc. 44]. Plaintiff filed this action under 42 U.S.C. § 1983 naming Estillete as well as a number of other individuals as defendants. On September 1, 2015, Estillete filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *R. 22.* On October 6, 2015, the undersigned issued a Report and Recommendation recommending that the district judge grant Estillete's motion and dismiss the claims against her as barred under the applicable statute of limitations. *R. 36.* Before the ruling on the Report and Recommendation was issued, Plaintiff filed a Motion For Leave To File Amended Complaint which was granted on November 2, 2015. *R. 40, 42.* In the Amended Complaint, plaintiff omitted his claims against Estillete and she was terminated from this case as a party-defendant. Thereafter, Estillete filed the motion at bar, requesting that the allegations related to her be stricken from Plaintiff's Amended Complaint. *R. 44.*

Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may do so in response to a party's motion or on its own motion. Fed. R. Civ. P. 12(f). Deciding whether to strike all or a portion of a pleading lies within the court's discretion. *Cambridge Toxicology Group, Inc. V. Exnicios*, 495 F.3d 169,178 (5th Cir.2007); *see, also,* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir.1962). Accordingly, motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted. C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1380.

In her motion, Estillete contends that the Amended Complaint contains allegations of wrongdoing and liability on the part of Estillete. Specifically, that she was a "co-conspirator" and that she "forged four documents" in the underlying proceedings at issue. Estillete contends these allegations are "immaterial" and "impertinent." She further contends the allegations are not essential to any of the plaintiff's remaining claims, have no bearing on the case and are not necessary to resolve any of the remaining issues. Finally, she contends they are "scandalous" in

2

that they cast a derogatory light on her as an employee of the Lafayette Parish Clerk of Court.

The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." *Marceaux v. Lafayette Consol. Government*, 2012 WL 5197667, at *1 (W.D.La.,2012) (citing C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1382). Therefore, a motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Eubanks v. Jordan*, No. Civ. A. 05–1532, 2006 WL 1476111, at *1 (W.D.La. May 26, 2006).

Estillete is no longer a party to this action and was not a party when she filed the Motion To Strike. Under Rule 12(f), "The court may [strike the pleading] in response to a *party's* motion." While the undersigned has concerns of Estillete's standing to bring this motion, assuming she has standing, the allegations cannot prejudice Estillete as a non-party. As to the materiality of the allegations, the plaintiff alleges the defendants conspired to violate his constitutional rights in violation of 42 U.S.C. § 1983. Construing the complaint liberally, the undersigned is unable to conclude at this stage of the proceedings that the allegations as to Estillete are

immaterial to plaintiff's lawsuit. Accordingly, the undersign recommends that the Motion To Strike Amended Complaint filed by Phyllis Estillete [Rec. Doc. 44] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 26th day of January, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE