UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Jones | Civil Action No. 15-01816 |
| versus | Judge Rebecca F. Doherty |
| Louisiana, et al | Magistrate Judge Carol B. Whitehurst |

**REPORT AND RECOMMENDATION**

Pending before the undersigned, on referral from the District Judge, is a "Motion For Preliminary Instructive Relief Pending: Trial on Merits" [Rec. Doc. 55] and The State of Louisiana's, Through The Department Of Children And Family Services ("DCFS"), Opposition To Plaintiff's Motion For Preliminary Injunctive Relief Pending: Trial On Merits [Rec. Doc. 60]. For the following reasons, the undersigned will recommend that the Motion be denied.

*I. Background*

The Court has addressed the background of this action in prior rulings on multiple occasions and will not repeat the details. In essence, Plaintiff filed this action under 42 U.S.C. § 1983 based upon conspiracies he alleges occurred in child custody proceedings before the Family Court of the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana ("15th J.D.C."). Plaintiff seeks $100,000,000 for alleged violations of his constitutional rights and also for alleged violations of the

constitutional rights of non-parties, Candace Sims (the mother of his children) and his children, Caneriya Jones and Seaontre Sims.[1]

## II. Law and Analysis

In his Motion, Plaintiff seeks a preliminary injunction ordering the DCFS to produce court documents, transcripts, and digital recordings arising out of the state court case, docket number 2012-JC-794.

To obtain a preliminary injunction, it is well established that a movant must show: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that granting the injunction will not disserve the public interest. *Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008).

The decision to grant or deny a preliminary injunction is left to the sound discretion of the district court. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). A preliminary injunction is an

---

[1] The Court notes that the Louisiana Department of Children & Family Services has filed a Motion To Dismiss for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine based on Plaintiff's collateral attack in this Court on the state court judgments, *see Liedtke v. The State Bar*, 18 F.3d 315, 317 (5th Cir. 1994), as well as immunity under the Eleventh Amendment. *R. 34*.

extraordinary remedy which should only be granted if the movant has clearly carried his burden of persuasion on all four factors. *Id.*; *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (A preliminary injunction is a "drastic remedy" that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion."). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Mississippi Power & Light*, 760 F.2d at 621.

As noted in the foregoing, in order to obtain a preliminary injunction, Plaintiff must demonstrate "a substantial threat that [he] will suffer irreparable injury if the injunction is not granted." Here, Plaintiff cannot establish that denial of the preliminary injunction will result in irreparable harm. His request for court documents, transcripts and recordings is neither "extraordinary" nor "drastic." Plaintiff's request can be accomplished through routine discovery under Federal Rules of Civil Procedure—i.e. Rule 34 and Rule 45.

It goes without saying that Rule 34 of the Federal Rules of Civil Procedure embodies the normal procedure for the discovery of documents. "There is no reason for issuance of an injunction either in lieu of or in aid of discovery under Rule 34." *See Humble Oil & Refining Company v. Harang et al.*, 262 F.Supp. 39 (E.D.La.1966) (quoting Moore's Federal Practice, Section 34.19 (page 2480)). Rule 45 of the Federal Rules of Civil Procedure provides the option of serving subpoena(s) to request

discovery. Both rules are commonly used devices in litigation and both contemplate production of the items requested by Plaintiff.[2] Plaintiff cannot establish irreparable injury.

### III. Conclusion

Even if Defendant had custody of the court documents, transcripts, and digital recordings arising out of the state court case, docket number 2012-JC-794, which it does not, Plaintiff's preliminary injunction must be denied as he cannot establish irreparable injury. The Court will recommend that Plaintiff, Wallace Jones', Motion For Preliminary Injunction [Rec. Doc. 55] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

---

[2] Plaintiff's request for production of the documents at issue is misdirected to the DCFS. As the documents arise from state court proceedings, DCFS is not the proper document custodian.

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed June 17, 2016, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE