RECEIVED       UNITED STATES DISTRICT COURT

SEP 2 9 2016 ⋂⋂ WESTERN DISTRICT OF LOUISIANA

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA        LAFAYETTE DIVISION
LAFAYETTE, LOUISIANA

WALLACE JONES                              CIVIL ACTION NO. 6:15-CV-1816

v.                                         JUDGE DOHERTY

STATE OF LOUISIANA, ET AL.                 MAGISTRATE JUDGE WHITEHURST

## MEMORANDUM RULING

Currently pending before the Court is a motion to dismiss [Doc. 34] filed by the following

defendants: the State of Louisiana, through the Department of Children and Family Services

("DCFS"), and Cheryl Bethea.[1] Pursuant to the motion, both defendants seek dismissal of the claims

brought against them in this matter on the following grounds: (1) insufficient service of process ; (2)

lack of subject-matter jurisdiction by virtue of the *Rooker-Feldman* doctrine; (3) prescription; and

(4) failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (5) and (6).

DCFS additionally argues the claims against it should be dismissed for lack of subject-matter

jurisdiction by virtue of Eleventh Amendment Immunity. *Id.* at § (b)(1).  Cheryl Bethea additionally

asserts the claims against her should be dismissed on the basis of qualified immunity. *Id.* at § (b)(6).

For the following reasons, the motion to dismiss [Doc. 34] is GRANTED, and plaintiff's claims

against the State of Louisiana, through the Department of Children and Family Services ("DCFS"),

and Cheryl Bethea are DISMISSED.

---

[1]The motion to dismiss was also filed on behalf of Diane Cote, Ursulyn Hamilton, and
Christopher Simmons. However, subsequent to the filing of the motion, plaintiff amended his complaint
and abandoned his claims against the foregoing defendants. [Doc. 43; Doc. 39-1, pp. 1-3]

## I.    Background

On June 2, 2015, *pro se* plaintiff Wallace Jones filed this action under 42 U.S.C. § 1983,

based upon alleged conspiracies that occurred in child custody proceedings before the Family Court

of the Fifteenth Judicial District Court for the State of Louisiana. While exceedingly difficult to

follow, generally the complaint argues there existed a conspiracy led by a Louisiana juvenile court

judge, Louisiana state court prosecutors and court officials, and DCFS. According to plaintiff, the

object of the conspiracy was to violate the constitutional rights of plaintiff, his children, and Candace

Sims (the mother of plaintiff's children) and to "defraud[] the federal government for the federal re-

imburstment [sic] for the care of child in need of care." [Doc. 43, p. 8 (emphasis omitted)]

In August 2012, plaintiff's children were taken into DCFS custody based on an affidavit filed

by DCFS investigator Cheryl Bethea. [Doc. 43, p. 6] According to the complaint, the grounds stated

in the affidavit were "neglect [and] . . . charges of distrabution [sic] of marijana [sic] and while in

the presence of a minor with allegations of weed in the room." [Id. at 13 (emphasis omitted)]

Thereafter, an Assistant District Attorney for the Fifteenth Judicial District began proceedings to

terminate the parental rights of plaintiff and his children's mother. [Doc. 43, p. 6] On May 6, 2014,

a hearing was held regarding the termination of parental rights. [Doc. 43, p. 12; *see also* Doc. 1-2,

p. 84] Plaintiff was represented by counsel at the hearing. [Doc. 1-2, p. 84] On May 22, 2014, the

state court terminated plaintiff's parental rights. [Doc. 43, p. 12; Doc. 1-2, p. 85]

Plaintiff seeks the following relief from this Court: (1) "the timely return/release of the

children"; (2) "the timely restoration of constitutional parental rights"; (3) "the timely

reversal/dismissal of any and all adjudication and or judgements" in the state court matter;  (4)

"monetary and punitive damages in the amount of $100,000,000.00 to be paid by the State of

2

Louisiana"; and (5) "the criminal prosecution/investigation into the corruption displayed within Judge Clause's court room conspiracy in this matter to violate the parental constitutional rights criminally." [Doc. 43, pp. 17-18 (emphasis omitted)]

As noted above, defendants have now filed a motion to dismiss based upon multiple grounds. The Court begins by examining subject-matter jurisdiction.[2]

## II.    Standard of Review

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the court's subject-matter jurisdiction to hear a case. Fed. R. Civ. P. 12(b)(1). A district court may dismiss an action for lack of subject-matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Willoughby v. U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). The burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

## III.    Applicable Law and Analysis

"Reduced to its essence, the *Rooker -Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress."

---

[2]When a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) is filed in conjunction with other Rule 12 motions, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If the *Rooker-Feldman* doctrine applies, this Court lacks subject-matter jurisdiction over this dispute. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994); *Truong v. Bank of America, N.A.*, 717 F.3d 377, 381-82 (5th Cir. 2013).

*Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)(internal quotation marks omitted).[3] As set forth by the Fifth Circuit:

> Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state court errs the judgment is . . . to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.

*Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)(internal footnotes, quotation marks and alterations omitted). "A state court judgment is attacked for purposes of Rooker-Feldman when the federal claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state court judgment." *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011)(internal citations, quotation marks and alterations omitted). "The Supreme Court has explained that the doctrine is a narrow one and 'is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Truong* at 382 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

It is clear in this matter that plaintiff's lawsuit amounts to a collateral attack on the state court's judgment terminating his parental rights: the complaint asks this court to reverse or dismiss all judgments entered in the state court proceeding and restore his parental rights. The sole cause of

---

[3]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

plaintiff's injury is the state court judgment. Plaintiff's attempt to classify his alleged injury as a civil rights injury is prohibited by *Rooker-Feldman. See Liedtke* at 317. Plaintiff's claims are "inextricably intertwined" with the state court judgment, such that this Court could not rule in his favor without overturning the state court. *Weaver* at 904; *see also Turner v. Cade*, 354 Fed.Appx. 108, 111 (5th Cir. 2009). Accordingly, plaintiff's recourse for any constitutional violations committed by these defendants is on writ of certiorari to the United States Supreme Court. *Liedtke* at 317.

## IV.     Conclusion

For the reasons set forth above, the motion to dismiss [Doc. 34] is GRANTED, and plaintiff's claims against the State of Louisiana, through the Department of Children and Family Services ("DCFS"), and Cheryl Bethea are DISMISSED WITHOUT PREJUDICE.[4]

THUS DONE AND SIGNED in Lafayette, Louisiana, this _29_ day of September, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4]The Court recognizes defendants move for dismissal with prejudice. However, dismissal for lack of subject-matter jurisdiction "is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming* at 161.