U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED- LAFAYETTE

OCT 17 2016

TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| WALLACE JONES | CIVIL ACTION NO. 6:15-CV-1816 |
| v. | JUDGE DOHERTY |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## RULING

On September 29, 2016, this Court issued a Ruling granting a motion to dismiss filed by the following defendants: the State of Louisiana, through the Department of Children and Family Services ("DCFS"), and Cheryl Bethea. [Doc. 84] More specifically, the Court held it lacks subject-matter jurisdiction over this matter, pursuant to the *Rooker-Feldman* doctrine, reasoning as follows:

> It is clear in this matter that plaintiff's lawsuit amounts to a collateral attack on the state court's judgment terminating his parental rights: the complaint asks this court to reverse or dismiss all judgments entered in the state court proceeding and restore his parental rights. The sole cause of plaintiff's injury is the state court judgment. Plaintiff's attempt to classify his alleged injury as a civil rights injury is prohibited by *Rooker-Feldman*. Plaintiff's claims are "inextricably intertwined" with the state court judgment, such that this Court could not rule in his favor without overturning the state court. Accordingly, plaintiff's recourse for any constitutional violations committed by these defendants is on writ of certiorari to the United States Supreme Court.

[Id. at 4-5(internal citations omitted)]

All defendants have now been dismissed in this matter, with the exception of the following: (1) the Honorable Michelle M. Breaux, (2) the "15th Judicial District Court Division E," and (3) the "15th Judicial Court Office of District Attorney In Charge of Filing for Docket Number 2012-JC-

1

794." [Doc. 43, p. 5][1] Federal courts are duty-bound to examine their subject-matter jurisdiction *sua sponte*. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000). As the *Rooker-Feldman* doctrine deprives federal courts of jurisdiction, it can always be raised *sua sponte*. *Bell v. Valdez*, 207 F.3d 657, *2, n. 1 (5th Cir. 2000)(citing *Great Prize v. Mariner Shipping Pty., Limited*, 967 F.2d 157, 159 (5th Cir. 1992)).

For the reasons provided in this Court's Ruling dated September 29, 2016 [Doc. 84], the Court finds it lacks subject-matter jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine. Accordingly, this entire action is DISMISSED WITHOUT PREJUDICE.[2]

THUS DONE AND SIGNED in Lafayette, Louisiana, this 14 day of October, 2016.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] The remaining defendants have made no appearance in this matter to date; however, no proof of service has been filed into the record. *See* Fed. R. Civ. P. 4(l)(1). Additionally, it is doubtful the "15th Judicial District Court Division E," and the "15th Judicial Court Office of District Attorney In Charge of Filing for Docket Number 2012-JC-794" are juridical entities capable of being sued. *See e.g. McCann v. Louisiana*, 2012 WL 1309251, *2 (W.D.La.)("Like jails, offices, and departments, *supra*, the 'Ninth Judicial District Court, Division B' is not a juridical person or entity capable of being sued"); *Collins v. Drake*, 2009 WL 653053, *5 (E.D.La.)("Louisiana law does not recognize a district attorney's office as a juridical entity").

[2] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(dismissal for lack of subject-matter jurisdiction is not a determination on the merits, and therefore is without prejudice).